IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Jane Doe, | |
|     Plaintiff, | |
| v. | DEMAND FOR A JURY TRIAL |
| Scott Thomas, | |
|     Defendant. | |

## COMPLAINT

Plaintiff Jane Doe files this complaint pursuant to the Illinois Gender Violence Act, 740 ILCS 82/10, against Scott Thomas for damages, interest, and attorneys' fees and costs.

## JURISDICTION AND VENUE

1. The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1). Plaintiff resides in California and Defendant resides in New Jersey. The amount in controversy exceeds $75,000, exclusive of interest and costs.

2. The Court has personal jurisdiction over Defendant because Defendant committed a tortious act within the State of Illinois and Plaintiff's lawsuit arises out of or relates to Defendant's contacts with Illinois.

3. Venue is proper in this jurisdiction under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in the Northern District of Illinois.

**PARTIES**

4.  Plaintiff Jane Doe is currently a resident of California. At the time of the events in this action, Doe was an adult resident of Cook County in the State of Illinois.

5.  Defendant Scott Thomas is a male resident of New Jersey. At the time of the events in this action, Thomas was an adult resident of Cook County in the State of Illinois.

**FACTS**

6.  In March 2019, Plaintiff and Defendant were undergraduate freshmen at Northwestern University in Evanston, Illinois.

7.  On March 15, 2019, Plaintiff attended a party near the campus of Northwestern University where she met Defendant.

8.  Plaintiff and Defendant stayed at the party until the early morning of March 16, 2019, during which time Plaintiff consumed at least five alcoholic beverages on an empty stomach. Plaintiff became highly intoxicated to the point where she could not speak clearly or stand on her own.

9.  Shortly after 1 a.m. on March 16, 2019, Plaintiff and Defendant left the party in the same group. At some point between 1 a.m. and 2 a.m., Plaintiff and Defendant broke off from the group and walked together alone.

10. Shortly after 2 a.m., a group of student bystanders observed Defendant pushing Plaintiff against a door on the exterior of the Jacobs Center located at 2001 Sheridan Road, Evanston. Plaintiff's pants and underwear were down around her ankles, and it appeared that she could not stand on her own. Defendant's own pants were unzipped, but he was able to stand normally on his own.

11. Defendant had been touching Plaintiff's breasts and vagina without her consent and had penetrated Plaintiff's vagina without her consent.

12. The student bystanders called out to Defendant. When one of the bystanders approached, Defendant eventually stepped back, pulled up his pants, zipped them and tucked in his shirt. The bystanders could see that Plaintiff's eyes were closed, and she could not stand on her own. Plaintiff was also missing her coat, even though outside temperatures were approximately 20 degrees Fahrenheit. Defendant, on the other hand, appeared to be standing and walking normally.

13. The bystanders helped Plaintiff get dressed and called Northwestern University Police.

14. Sergeant Park and Officer Carter from the Northwestern Police Department responded to the scene and observed that Plaintiff appeared to have difficulty standing on her own, slurred speech, and difficulty communicating.

15. Evanston Fire Department responded to the scene and took Plaintiff to Evanston Hospital where she was given a Sexual Assault Forensic Exam (sometimes called a "rape kit"). Providers administered medications to prevent Sexually Transmitted Infections and unwanted pregnancy.

16. At the hospital, examiners found lacerations on Plaintiff's body and dirt and debris in her hair.

17. Cook County State's Attorneys charged Defendant with 64 felony counts, including aggravated criminal sexual assault, aggravated kidnapping, and aggravated criminal sexual abuse. He was released on bail.

18. The State of Illinois forensic examination of Plaintiff's rape kit detected evidence of Defendant's DNA on Plaintiff's vaginal swabs.

19. Defendant's charges remained pending in Cook County for nearly six years while Defendant's attorneys filed motions to attempt to dismiss the charges.

20. On April 9, 2025, Defendant entered a negotiated plea of guilty to aggravated battery on the public way. See Ex. A, Redacted Transcript of the Proceedings, *People v. Thomas*, 19-CR-474901 (Cook Cnty. Cir. Ct. Apr. 9, 2025). He was sentenced to two years of probation, 80 hours of community service, sex offender re-evaluation within six months, and a permanent Civil No Contact Order for Plaintiff. *Id*.

21. As a consequence of Defendant's nonconsensual sexual touching and penetration, Plaintiff suffered from emotional distress.

22. As a result of Defendant's actions, Plaintiff had difficulty eating and sleeping normally, and difficulty reading and studying to the point where she began failing her classes and was forced to take a leave of absence from Northwestern.

23. The years spent navigating the criminal justice process also negatively impacted Plaintiff's ability to proceed with her studies and pursue post graduate education.

24. As a result of Defendant's actions, Plaintiff delayed her plan to apply to law school, thereby delaying her career, and suffered loss of potential earnings.

25. As a result of Defendant's actions, Plaintiff suffered from emotional distress and loss of enjoyment of life.

## COUNT I

**VIOLATION OF THE GENDER VIOLENCE ACT (740 ILCS 82/1 et seq.)**

26. Plaintiff realleges and incorporates by reference all allegations stated above.

27. Defendant knowingly and without legal justification caused bodily harm to Plaintiff and made physical contact of an insulting or provoking nature with her by touching her vagina and breasts without her consent and penetrating her vagina without her consent.

28. Defendant's acts also constituted a physical intrusion of a sexual nature under coercive conditions.

29. Accordingly, Defendant committed acts of violence against Plaintiff that satisfy the elements of battery under Illinois law.

30. Defendant's actions were committed on the basis of Plaintiff's sex.

31. Accordingly, Defendant's acts violated the Illinois Gender Violence Act. 740 ILCS 82/1 *et seq.*

32. As a direct and/or proximate result of Defendant's actions, Plaintiff suffered discomfort, pain, emotional distress, loss of enjoyment of life; was prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained loss of earning and earning capacity.

33. The conduct and actions of Defendant as alleged in the above count and cause of action constitute violations of the laws of the State of Illinois and this Court has diversity jurisdiction to hear and adjudicate said claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court and the finder of fact enter a Judgment in her favor against Defendant on Count I as indicated above in an amount consistent with proof at trial, and seeks against Defendant all appropriate damages arising out of law, equity, and fact for the above count where applicable, and hereby requests that the trier of fact award Plaintiff all applicable damages, including but not limited to compensatory, special, exemplary and/or punitive damages, in whatever amount Plaintiff is entitled, and all other relief arising out of law, equity, and fact, also including but not limited to:

a. Compensatory damages in an amount to be determined as fair and just under the circumstances, by the trier of fact, including, but not limited to loss of earnings, emotional distress, violation of Plaintiff's rights, loss of social pleasure and enjoyment, and other damages to be proved;

b. Punitive and/or exemplary damages in an amount to be determined as reasonable or just by the trier of fact;

c. Reasonable attorneys' fees, costs, disbursements, interest; and

d. Other declaratory, equitable, and/or injunctive relief as appears to be reasonable and just.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

Dated: February 12, 2026

                                        Respectfully submitted,

                                        */s/ Emily R. Brown*
                                        One of the Attorneys for the Plaintiff

Emily R. Brown
ebrown@hsplegal.com
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100
Firm No. 45667

Deborah Rzasnicki Hogan
dhogan@caase.org
Marlee Rich (*admission pending*)
mrich@caase.org
CHICAGO ALLIANCE AGAINST SEXUAL EXPLOITATION
307 N. Michigan Avenue, Suite 1020
Chicago, IL 60601
(773) 244-2230
Firm No. 48111

*Attorneys for Plaintiff Jane Doe*