IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Jane Doe, <br><br> Plaintiff, <br> v. <br><br> Scott Thomas, <br><br> Defendant. | Case No. 26-cv-01627 <br><br> Hon. April M. Perry |

**PLAINTIFF'S *EX PARTE* MOTION FOR PROTECTIVE ORDER AND
TO PROCEED UNDER A PSEUDONYM**

Plaintiff, Jane Doe ("Plaintiff" or "Jane"), by and through her undersigned counsel, hereby moves for a protective order and to proceed under a pseudonym. Under Federal Rule of Civil Procedure 26(c), Plaintiff moves this Court to allow her to proceed under a pseudonym and to enter a Protective Order preventing the public disclosure of her identity by Defendant Scott Thomas, in order to protect her confidentiality, privacy, and safety.

**INTRODUCTION**

On February 12, 2026, Plaintiff filed her Complaint against Defendant seeking relief for violations of the Illinois Gender Violence Act.

In her Complaint, Jane explains that in 2019, when she and Thomas were both college students, Thomas forcibly sexually assaulted her while walking home from a campus party. Bystanders who witnessed the assault intervened and called the police, and then Jane went to the hospital where she was treated by a Sexual Assault Nurse

Examiner ("SANE") who administered a sexual assault evidence kit ("rape kit"). The Cook County States' Attorney then charged Defendant with sexual assault, and he pled guilty to battery on the public way on April 9, 2025.

Jane asks this Court to prevent her from suffering further trauma through the public disclosure of her identity. Defendant's assault on Jane was without doubt of a sensitive and highly personal nature, causing Jane to suffer serious emotional harm stemming from the assault. Through this case, Plaintiff seeks to obtain the civil relief from Defendant to which she is entitled. In enforcing her legal rights related to her sexual assault, Jane should not be subjected to the public's knowledge and judgment associated with the personal details of her assault, which would be connected to Jane's name if her name was to be revealed. Jane should not be placed at further risk of harm stemming from the instant proceeding.

## ARGUMENT

### I. The Court Has Discretion To Permit Jane To Proceed Under A Pseudonym To Protect Her From Injury

Although the public has a right of access to judicial proceedings, "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff. . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). In particular, courts have consistently ruled that "compelling reasons of personal privacy, for instance, may justify a party's use of a pseudonym or restraints on the public's access to certain records." *See Doe v. Soc'y of the Missionaries of*

*the Sacred Heart*, No. 11-cv-2518, Dkt. No. 141-1 at 1 (N.D. Ill. Jan. 3, 2014) ("the need for the pseudonym is adequately established by the case law excepting sexual assault victims from the public-record requirement") (unpublished Order attached as Exhibit A); *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 n.9 (9th Cir. 2000) ("The Supreme Court has implicitly endorsed the use of pseudonyms to protect plaintiffs' privacy"). Accordingly, and for the reasons set forth herein, the Court should exercise its discretion and permit Plaintiff to proceed under a pseudonym. *See Doe v. Amar*, No. 22-CV-2252, 2023 WL 4564404, at *3 (C.D. Ill. July 17, 2023) ("The decision whether to allow a party to proceed under an assumed name lies within the Court's discretion").

**II.     Plaintiff's Need For Anonymity Outweighs The Presumption Of Openness**

Due to the highly sensitive and personal nature of the assault against Jane, she should be allowed to proceed under a pseudonym. Jane's identity should be protected to prevent her from suffering a further invasion of privacy and reliving the trauma that she has already experienced any more than necessary.

### a. The sensitive and personal nature of Jane's claims justifies allowing the case to proceed under a pseudonym.

Where litigation involves "matters of a sensitive and highly personal nature," the affected party may proceed under a pseudonym. *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979); *see also Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981) ("A plaintiff should be permitted to proceed anonymously in cases where a substantial privacy interest is involved"). Accordingly, the Seventh Circuit "has identified categorical exceptions to the rule requiring parties' real

3

names. . ... Specifically, 'fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses.'" *Doe v. TRP Acquisition, Inc.*, No. 16 C 3635, 2016 WL 3671505 *2 (N.D. Ill. July 11, 2016) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)).

Here, the subject matter of this litigation is of the utmost personal nature and justifies permitting Jane to remain anonymous. The case will reveal the private details of Jane's sexual assault. Jane should not have to subject herself to the stigma of having been involved in a horribly violating sexual encounter. Jane's sexual assault is the exact type of harm often afforded privacy by pseudonym. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 194 (E.D.N.Y 2006) ("[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity") (citing *Blue Cross & Blue Shield United of Wis.*, 112 F.3d at 872). *See also Kane v. Loyola Univ. of Chicago*, No. 22 CV 6476, 2024 WL 4907100, at *4 (N.D. Ill. Sept. 3, 2024) (motion to proceed under pseudonym granted; "the sensitive and personal nature of the Jane Doe plaintiffs' [sexual assault] allegations weighs strongly in favor of pseudonymity"); *Doe v. Soriano-Cabrera*, No. 24-CV-221-PP, 2024 WL 3861329, at *1 (E.D. Wis. Aug. 19, 2024) (granting motion to proceed under pseudonym in case alleging violations of Title VII related to sexual assault based upon finding that "the sensitive and personal nature of the alleged harm outweighs the public interest in requiring the plaintiff to disclose her identity").

4

### b. The public interest is served by allowing Jane to proceed under a pseudonym.

While there is a public interest in having open judicial proceedings, the public also has an interest in seeing that certain lawsuits proceed anonymously that would not otherwise go forward. This lawsuit constitutes Plaintiff's attempt to personally vindicate her right as a victim of Defendant's sexual assault.

Indeed, courts have recognized that the public has a strong interest in protecting the identities of victims of crimes of a sexual nature and that allowing victims to sue in civil court furthers that goal. *See Doe v. Cook Cty.*, 542 F. Supp. 3d 779, 788 (N. D. Ill. 2021) ("the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights") (citations omitted). Denying Jane the opportunity to proceed in this case pseudonymously would have a chilling effect on the willingness of victims of sexual assault to come forward and enforce their rights without fear of additional trauma and privacy violations. It is established that "[f]ailure to adequately protect a victim's fundamental right to privacy negatively impacts his or her fundamental right to access the courts." Meg Garvin, *Protecting Victim Privacy: The Tool of Anonymous Pleading in Civil Cases*, 9 Nat'l Crime Victim L. Inst. 8, 8 (2008).

Although there has been a small amount of press coverage about the sexual assault and Defendant's ensuing arrest and criminal charges, Jane is unaware of any news articles that have published her name, and her identity is not ascertainable from the criminal case's online docket. Publication of Jane's identity on Pacer would greatly

5

escalate her exposure beyond the information that is readily accessible to the public at this time. Thus, permitting Jane to proceed pseudonymously supports an important public policy.

### III. Defendant Will Suffer No Prejudice By Allowing Jane To Proceed Pseudonymously

The Defendant will not be prejudiced if Jane is permitted to proceed pseudonymously. Jane's identity is already known to the Defendant. *See Doe 1 v. NorthShore Univ. HealthSystem*, No. 21-CV-05683, 2021 WL 5578790, at *10 (N.D. Ill. Nov. 30, 2021) ("But as [defendant] knows the Plaintiffs' identities, it is not prejudiced by allowing this litigation to proceed in its current manner with Plaintiffs' names remaining undisclosed to the public").

Neither would any aspect of Jane's proposed protective order prevent the Defendant from seeking discovery or preparing or presenting his case. *Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999) (holding that there was no prejudice to a defendant where the plaintiff's name was disclosed and the defendant's right to discovery was not limited). Shielding Jane's identity from the general public would present no obstacle to the Defendant's ability to mount a defense. *See Roe v. St. Louis Univ.*, No. 4:08-CV-1474, 2009 WL 910738, at *5 n.5. (E.D. Mo. Apr. 2, 2009) (allowing a plaintiff to proceed anonymously where the defendant's ability to seek discovery and challenge the plaintiff's credibility was not impaired). Plaintiff seeks only to protect against *public disclosure* of her identity. The Defendant therefore cannot credibly claim to be prejudiced in any manner. *See Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F. 3d 678, 687 (11th Cir. 2001) (noting that plaintiff's

6

offer to identify herself to the defendant "eviscerated" any prejudice argument); *Kane*, 2024 WL 4907100, at *2 (the burden of demonstrating prejudice falls on the opposing party); *Kolko*, 242 F.R.D. at 198 (requiring the defendant to point to specific ways in which discovery would be limited to demonstrate prejudice by the anonymous pleading of a plaintiff identified to the defendant).

## CONCLUSION

For the foregoing reasons, Plaintiff Jane Doe respectfully requests the Court grant her motion to proceed under a pseudonym and for entry of a protective order preventing the public disclosure of her identity by Defendant.

Dated: February 13, 2026                                              Respectfully submitted,


                                                                      By:     */s/ Emily R. Brown*
                                                                              One of the Plaintiff's Attorneys


Emily R. Brown
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 604-2706
ebrown@hsplegal.com


Deborah Rzasnicki Hogan
Marlee Rich (*admission pending*)
Chicago Alliance Against Sexual Exploitation
307 N. Michigan Avenue, Suite 1020
Chicago, IL 60601
(773) 244-2230 ext. 216
dhogan@caase.org
mrich@caase.org

7