**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF ILLINOIS, EASTERN DIVISION**

Jane Doe,

                Plaintiff,

v.

Scott Thomas,

                Defendant.

Case No. 26-cv-01627

Hon. April M. Perry

**PLAINTIFF'S MOTION TO SEAL EXHIBIT A TO DEFENDANT'S OPPOSITION
TO MOTION TO PROCEED ANONYMOUSLY AND FILE A REDACTED
VERSION OF EXHIBIT A ON THE PUBLIC DOCKET**

Plaintiff respectfully requests that the Court enter an order directing the Clerk of the Court to seal Exhibit A to Defendant's Brief in Opposition to Plaintiff's Ex Parte Motion for Protective Order and to Proceed Under a Pseudonym (ECF 18-1) and order Defendant to re-file Exhibit A on the public docket with Plaintiff's initials redacted. In support of her Motion, Plaintiff states as follows.

1.      On February 12, 2026 Plaintiff filed this lawsuit pursuant to the Illinois Gender Violence Act alleging that Defendant sexually assaulted her on March 16, 2019. ECF 1. Defendant faced criminal charges stemming from the alleged assault and on April 9, 2025 entered a negotiated guilty plea for aggravated battery on the public way. *Id.* ¶ 20. On February 13, 2026, Plaintiff filed a motion to proceed under a pseudonym to protect her identity, given the sensitivity of the allegations. ECF 6.

2. On March 26, 2026, Defendant filed an opposition brief objecting to Plaintiff's Motion. ECF 18. Plaintiff's reply is due April 9, 2026. ECF 14 (setting briefing schedule). The Court set a hearing for April 16, 2026 and plans to rule on the Motion at that hearing. *Id.*

3. Defendant attached to his opposition brief as Exhibit A his March 23, 2022 Motion to Dismiss the criminal indictment. ECF 18-1. The motion to dismiss, which the Circuit Court denied, details Defendant's version of events, casting Plaintiff as dishonest and opportunistic, and falsely asserting that she lied to police and prosecutors to avoid disciplinary action from the University. *Id.* at 23. It also repeatedly refers to Plaintiff by her initials, but Defendant did not redact the initials. *Id.* Defendant summarizes the pleading in the Introduction to his opposition brief, but there he omits Plaintiff's initials. ECF 18, Introduction.

4. By publishing the unredacted motion to dismiss on Pacer, Defendant has made Plaintiff's initials significantly more available to the public than they were before. The motion to dismiss was filed in the Circuit Court of Cook County's Criminal Division. Unlike the federal courts, Cook County makes select criminal case documents available through its online portal only to lawyers and "appointed coordinators of justice partner agencies." *See* https://cccportal.cookcountyclerkofcourt.org/CCCPortal. Members of the public can obtain copies of criminal pleadings only by making an in-person request with the Clerk of the Circuit Court. In other words, a non-attorney would have to travel to the Skokie courthouse, where the case was heard, to obtain a copy of the motion to dismiss or any other document from the state's criminal prosecution of Defendant. Now,

anybody can view and download the unredacted motion to dismiss from Pacer for a small fee.

5.      In addition, Defendant's filing maximizes the chance that members of the public will ascertain Plaintiff's identity. Plaintiff's initials are uncommon. The Complaint reveals her undergraduate class year at Northwestern University. ECF 1 ¶ 6. There were probably not many, if any, other female students in Plaintiff's Northwestern undergraduate class with the same initials. It would be easy to identify Plaintiff based on these two pieces of information alone.

6.      Good cause exists to protect Plaintiff's initials by sealing the motion to dismiss exhibit. As detailed in her February 13, 2026 Motion, Plaintiff seeks to proceed under a pseudonym to protect herself from further psychological and emotional harm associated with being sexually assaulted and coming forward against her accuser. ECF 6 at 2. She also seeks to protect her privacy, as the case will inevitably reveal personal and intimate details of her sexual assault. *Id*. at 4.

7.      Defendant does not believe that Plaintiff's identity should be protected in this litigation. However, that issue is for the Court to decide. Defendant should not be permitted to circumvent the Court's decision-making process by publishing Plaintiff's initials on Pacer before the Court decides whether, and to what extent, Plaintiff must reveal her identity.

8.      On March 31, 2026, Plaintiff emailed defense counsel to explain why Exhibit A is problematic and ask whether he objects to this Motion to Seal. Defense counsel responded that he objects because "the motion to dismiss is a matter of public record"

3

and Plaintiff was identified by her initials in one Daily Northwestern article published seven years ago. For the reasons discussed above, these arguments are unavailing because the Pacer filing is significantly more accessible to the public than the criminal case file and one seven-year-old college newspaper article. Defendant has escalated Plaintiff's potential exposure by publishing her initials on Pacer while her request to proceed as Jane Doe is pending.

WHEREFORE, Plaintiff requests that the Court enter an order directing the Clerk of the Court to seal Exhibit A (ECF 18-1) and order Defendant to re-file the document with Plaintiff's initials redacted. Plaintiff is also willing to redact and re-file Defendant's Exhibit A if that would be more expedient.

Dated: March 31, 2026

Respectfully submitted,

By:     */s/ Emily R. Brown*
          One of the Plaintiff's Attorneys

Emily R. Brown
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 604-2706
ebrown@hsplegal.com

Deborah Rzasnicki Hogan
Marlee Rich (*admission pending*)
Chicago Alliance Against Sexual Exploitation
307 N. Michigan Avenue, Suite 1020
Chicago, IL 60601
(773) 244-2230 ext. 216
dhogan@caase.org
mrich@caase.org

4