**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Jane Doe,<br><br>        Plaintiff,<br><br>  v.<br><br>Scott Thomas,<br><br>        Defendant. | Case No. 26-cv-01627<br><br>Hon. April M. Perry<br><br>Hon. Magistrate Jeannice Appenteng |

**PLAINTIFF'S PARTIALLY OPPOSED MOTION TO ENTER A PRELIMINARY
CONFIDENTIALITY ORDER AND HIPAA ORDER**

Plaintiff respectfully requests that the Court enter a Preliminary Confidentiality Order, attached as Exhibit A, to enable discovery to proceed in this case while protecting her to protect highly sensitive and personal materials from disclosure to parties outside of this litigation. In addition, Plaintiff respectfully requests that the Court enter her proposed HIPAA Protective Order, attached as Exhibit B, to enable the Cook County State's Attorney's production of medical records in this case. Defendant objects to entry of Exhibit A (Preliminary Confidentiality Order) but does <u>not</u> object to entry of Exhibit B (HIPAA Order). The Court should enter both of Plaintiff's proposed order over Defendant's objection. In support of her Motion, Plaintiff states as follows.

1.     This case involves highly sensitive allegations and the parties will exchange extremely confidential and sensitive materials in the course of discovery. Plaintiff believes it is necessary for the Court to enter her Proposed Preliminary Confidentiality

Order ("Confidentiality Order") now because 1) discovery is open and both parties are waiting to produce documents until a protective order is in place; 2) the lack of protective order is delaying an important production from the Cook County State's Attorney's Office (CCSAO); and 3) Plaintiff needs assurance that documents she files under seal in support of her response to Defendant's motion for reconsideration will be protected from disclosure. Defendant opposes entry of the Confidentiality Order because he does not believe the parties should enter a comprehensive confidentiality order before Judge Perry rules on his Motion to Reconsider her order granting Plaintiff leave to proceed under a pseudonym.

## A. Background

2.      On February 12, 2026 Plaintiff filed this lawsuit pursuant to the Illinois Gender Violence Act alleging that Defendant sexually assaulted her in public against a building on the campus of Northwestern University on March 16, 2019. ECF 1. Defendant faced criminal charges stemming from the alleged assault and on April 9, 2025 entered a negotiated guilty plea for aggravated battery on the public way. *Id*. ¶ 20.

3.      On February 13, 2026, Plaintiff filed a motion to proceed under a pseudonym to protect her identity, given the sensitivity of the allegations. ECF 6. On April 16, 2026, the District Court granted Plaintiff' motion and order the parties to "meet and confer to attempt to agree on language for a protective order, which should be presented to the Magistrate Judge." ECF 26.

4.      On February 23, April 21, and May 5, 2026, Plaintiff's counsel emailed proposed draft confidentiality orders to defense counsel and asked to meet and confer

2

regarding the drafts. Ex. C, Proposed Confidentiality Order Emails. On February 24, 2026, Defense counsel indicated that he was open to a protective order protecting disclosure of sensitive documents exchanged during discovery. Ex. C, Feb. 24, 2026 email from J. Kasperbauer. Defense counsel did not respond to the portion of Plaintiff's April 21 or May 5 emails asking him to discuss a protective order.

5.      Discovery is open and active in this case, and Defendant has not filed a motion to stay discovery. However, thus far, the parties have been deferring production of documents until after entry of a confidentiality order. See Ex. D, Defendant's responses to Plaintiffs' First Set of Requests for Production.

6.      On March 20, 2026, Plaintiff served the CCSAO with a subpoena requesting all documents related to their prosecution and investigation. CCSAO has since informed Plaintiffs' counsel that they require a confidentiality order to produce the responsive documents and a separate specific protective order under the Health Insurance Portability and Accountability Act (HIPAA) to produce unredacted medical records. Ex. E, Email Exchange with ASA Joy Walker; May 27, 2026 Email from J. Walker. The HIPAA Order attached as Exhibit B conforms to the sample provided by Law Division General Administrative Order 22-1. Ex. F.

7.      On May 11, 2026, defense counsel notified Plaintiff they he planned to file a motion for reconsideration of Judge Perry's pseudonym order and further delay entry of any protective order, stating, "give this motion practice on pseudonymity, we will have to postpone entry of the protective order on pseudonymity." Ex. G, Counsel's Email Exchange, March 11, 2026 Email from R. McLaughlin.

8.      On May 13, 2026, Defendant filed his motion for reconsideration. ECF 33. On May 15, 2026, Judge Perry entered a Minute Entry setting a briefing schedule and stating, "Plaintiff is given permission to file under seal any additional particularized information about the risk of harm or retaliation applicable in this particular case." ECF 35. Judge Perry set a ruling date for June 30, 2026. ECF 38.

9.      On May 19, 2026, Plaintiff's counsel emailed defense counsel requesting that the parties enter a proposed preliminary confidentiality order, with minimal deviations from the Northern District of Illinois model order, that would prevent Defendant from disclosing the highly sensitive and personal supporting exhibits to her response brief. Ex. G, May 19, 2026 Email from E. Brown. The proposed order deferred specific protections for Plaintiff's identity until after the Court rules on Defendant's motion for reconsideration. *Id.*

10.     Defendant responded that he does not "see the need" for an order given that the District Court granted Plaintiff leave to file supporting documents under seal. *Id.* at May 20 Email from R. McLaughlin. Plaintiff explained that an order is necessary because Judge Perry's Minute Entry does not prevent Defendant from disclosing those sealed documents once he receives them. *Id.* Defendant then argued that the proposed order is "overbroad" because it "refers to discovery" and covers categories of documents that he does not believe are "relevant" to Plaintiff's response to his motion for reconsideration. *Id.*

11.     Plaintiff advised that she was open to revisions to the order, but that she did not believe it was proper for Defendant to limit her supporting exhibits by refusing

4

to agree to any confidentiality order. *Id.*, May 20 Email from E. Brown. Plaintiff also noted that discovery is open, and both parties have deferred producing documents because there is no confidentiality order. *Id. See also* Ex. D, Def.'s RFP Responses; Joint Status Report ECF 31.

### B. Local Rule 37.2 Statement

12.     On May 21, 2026, the parties met and conferred by telephone. Emily Brown attended for Plaintiff and Robert McLaughlin attended for Defendant.  Defense counsel argued that the Confidentiality Order is too broad for this stage, stated that he had "no intention" of disclosing Plaintiff's sensitive documents, and specifically identified the provisions allowing employment records and tax documents to be marked confidential as too broad. Plaintiff's counsel offered to delete those provisions.

13.     Defense counsel then proposed that Plaintiff's counsel send him her planned exhibit list and the parties could enter a confidentiality order regarding those documents only, provided he agrees that those documents should be confidential. Plaintiff's counsel explained that it was important to enter full order at this stage because it is time to continue with discovery. She further explained that she did not want to be in a position where she could not file or produce highly sensitive documents without risking unilateral disclosure because Defense counsel and his client have no preexisting obligations regarding confidentiality.

14.     On May 21, 2026, after the parties' conference, Plaintiff's counsel received an invoice from CCSAO's vendor, which she understands to indicate that CCSAO's subpoena production is ready to be processed.

5

15. On May 22, 2026, Plaintiffs' counsel emailed Defense counsel with the above update as well as a slightly revised Confidentiality Order that meets CCSAO's requirements and the form HIPAA Order. Ex. G, at May 22, 2026 Email from E. Brown.

16. That day, Defense counsel responded that he opposes entry of the CCSAO-compliant Confidentiality Order but agreed to meet and confer again. *Id*. at May 22, 2026 Emails from R. McLaughlin.

17. On May 26, 2026, the parties conferenced by telephone again through their attorneys Emily Brown and Robert McLaughlin. Defense counsel advised that he does not object to the proposed HIPAA order but wanted to separately contact CCSAO to determine whether a "full blown" confidentiality order was necessary for them to produce documents. CCSAO then confirmed by email to both parties that they need the Court to enter long-form Confidentiality Order in order to produce documents and provided counsel with a sample Order. Ex. H, May 26, 2026 Email from ASA Joy Walker; Ex. E, May 27, 2026 Email from ASA Walker.

18. On May 27, 2026, Defense counsel confirmed by email that notwithstanding CCSAO's confirmation, he stands on his objection to entry of the proposed Confidentiality Order. Ex. I, May 27, 2026 Email from R. McLaughlin.

19. Pursuant to L.R. 37.2, Plaintiff certifies that after consultation by telephone and good faith attempts to resolve differences, the parties were unable to reach an accord.

### C. **Argument**

20. Under Fed. R. Civ. P. 26(c), good cause exists to enter the protective order attached to this Motion as Exhibit A. Courts have repeatedly recognized that the materials

6

described in paragraph 2, like medical records, counseling records, and sexual assault evidence are highly sensitive and appropriate for the protection of a confidentiality order. *See, e.g. U.S. v. Bek*, 493 F.3d 790, 802 (7th Cir. 2007) (HIPAA requires protective order prohibiting disclosure of the medical records outside of litigation); *B.R. v. Fairfax County School Board*, No. 19-cv-9170RDA-WEF, 2022 WL 5165111, at *2 (E.D. Va. Oct. 4, 2022) (designating photos and videos of sexual assault, SANE records, and counseling records as "highly confidential"). This is presumably why the Court's model order includes protections for personal identifying information and medical records.

21.     This case involves highly sensitive and personal allegations of sexual assault, and there is explicit CCTV footage of the sexual assault. Plaintiff also received medical and mental health treatment for her injuries, which is relevant to her motion to proceed under a pseudonym, and those records reveal Plaintiff's private medical information.

22.     In addition, Plaintiff needs the contents of CCSAO's criminal case file because it contains critical evidence of her allegations. Plaintiff requested these documents from Defendant, but he has not agreed to produce the documents on the basis that they are "equally available to Plaintiff." Ex. D, Defendant's RFP Responses.

1.  <u>Plaintiff needs a confidentiality order in place to effectively respond to Defendant's motion for reconsideration.</u>

23.     Defendant insists that in order to proceed under a pseudonym, Plaintiff must show a "risk of physical harm or retaliation." *See* ECF 33. As such, the District Court has granted Plaintiff leave to file evidence of her risk of harm under seal. Plaintiff

interprets the District Court's order to allow her to redact her name from publicly filed documents (since she has been granted leave to proceed as Jane Doe), and seal exhibits that may consist of the materials described in paragraph 15 above.

24.     Plaintiff is under no illusion, however, that she has carte blanche to protect all documents from disclosure, regardless of whether those documents are protectable under the Rules and existing case law. *See Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999) (the judge … is duty-bound … to review any request to seal the record"). If the Court enters Plaintiff's proposed Confidentiality Order, then the Federal Rules and the Order provide Defendant (or anyone, for that matter) with a path to challenge the confidentiality of any materials. *Id.* If Defendant receives Plaintiff's sealed filings and thinks her confidentiality designations are overreaching, then he can file a motion to unseal those filings under Rule 26(c). He can also challenge the confidentiality designation by procedures laid out in paragraph 9 of the proposed order. Ex. A, ¶ 10. In both scenarios, the burden of persuasion would be on Plaintiff to defend the materials' confidentiality. *Id.* ¶ 10(b).

25.     By filing any evidence under seal or producing any materials marked confidential, parties run the risk that the Court will disagree and allow disclosures of those materials. But without an existing Confidentiality Order, Plaintiff is subject to the possibility that Defendant will unilaterally disclose anything she files or produces—even if she files it under seal and marks it confidential—without first challenging that designation through the proper channels and obtaining leave of the Court.

26. Under Defendant's proposed alternative, Plaintiff will not learn until the eleventh hour whether Defendant will agree to keep her response exhibits confidential, the District Court would have no say, and Defendant would only have confidentiality obligations for the documents he approves. In addition, at this juncture, it is unclear whether Defense counsel would even be willing to enter a confidentiality order regarding Plaintiff's "approved" exhibits, or whether Plaintiff should simply be satisfied that he has "no intention" of disclosing those sensitive documents.

2. <u>The Court should enter the proposed confidentiality order and HIPAA order so that discovery can proceed.</u>

27. Regardless of the motion for reconsideration, the Court should enter the proposed preliminary confidentiality order to keep discovery moving. Plaintiff is ready to exchange documents and proceed with this case.

28. In addition, the lack of confidentiality order will delay an important production from CCSAO. This is particularly galling because Defendant's criminal attorneys likely have the contents of CCSAO's production, but Defendant objects to producing the documents because they are "equally available to Plaintiff." Yet he refuses to enable Plaintiff to obtain the file directly from CCSAO. It is not reasonable for Defendant to disadvantage Plaintiff by delaying an important third-party production.

29. As discussed above, Plaintiff has been attempting to enter a protective order for months. Plaintiff agreed to defer specific provisions of the order concerning protection of her identity until after the District Court rules on Defendant's motion for reconsideration. However, there is no reason to delay entry of a Confidentiality Order

when both parties to the case and CCSAO acknowledge that they will be producing sensitive and confidential documents and are waiting for entry of a Confidentiality Order to do so.

30. The Court should enter Plaintiff's proposed preliminary Confidentiality Order to enable Plaintiff to support her response to Defendant's motion for reconsideration and move expeditiously to complete discovery.

WHEREFORE, Plaintiff requests that the Court enter the proposed order attached as Exhibit A over Defendant's objection, and enter the proposed order attached as Exhibit B with Defendant's agreement. In the alternative, Plaintiff requests that the Court enter an order requiring Defendant to maintain the confidentiality of any documents she marks confidential and files under seal in support of her response to his motion for reconsideration, unless and until he properly challenges the sealing of that evidence and obtains leave of the Court to disclose it.

Dated: May 27, 2026
Respectfully submitted,

By: _/s/ Emily R. Brown_
One of the Plaintiff's Attorneys

Emily R. Brown
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 604-2706
ebrown@hsplegal.com

Deborah Rzasnicki Hogan
Marlee Rich
Chicago Alliance Against Sexual Exploitation
307 N. Michigan Avenue, Suite 1020
Chicago, IL 60601
(773) 244-2230 ext. 216
dhogan@caase.org
mrich@caase.org

*Attorneys for the Plaintiff*