**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | Case No. 26-cv-1627 |
| Plaintiff, | ) | |
| v. | ) | District Judge April M. Perry |
| | ) | |
| SCOTT THOMAS, | ) | Magistrate Judge Jeannice W. Appenteng |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is plaintiff's motion for entry of a confidentiality order and HIPAA protective order. Dkt. 39. Defendant opposes plaintiff's motion as to the confidentiality order, but he agrees to entry of a HIPAA protective order. Dkt. 42. For the reasons below, the Court grants plaintiff's motion.

Plaintiff alleges that defendant sexually assaulted her in violation of the Illinois Gender Violence Act, 740 ILCS 82/10. Dkt. 1. Shortly after filing her lawsuit, plaintiff moved to proceed under a pseudonym. Dkt. 6. The parties briefed the issue, and the District Judge held a hearing during which the District Judge recognized that this case raises "highly sensitive and emotional matters." Dkt. 30 at 5:14-15. The District Judge granted plaintiff's motion, confirmed that the parties were "ready to move forward with discovery," and referred discovery supervision to this Court. *Id.* at 8:21-25; Dkt. 26. This Court entered a discovery schedule, including a June 1, 2026 deadline to issue initial discovery requests and a December 31, 2026 fact discovery deadline. Dkt. 32.

Plaintiff then filed a motion requesting entry of a confidentiality order and HIPAA protective order. Dkt. 39. Plaintiff argues both orders are necessary because the parties anticipate exchanging "extremely confidential and sensitive materials" throughout discovery. *Id.* at 1. Because the HIPAA protective order is not disputed, the Court will focus on the confidentiality order.

Under Federal Rule of Civil Procedure 26, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). To determine whether good cause exists, the Court "must balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order." *Prince v. Kato*, No. 18-cv-2952, 2019 WL

3554533, at *2 (N.D. Ill. July 30, 2019). The party seeking protection from discovery, here plaintiff, bears the burden of establishing good cause. *See id.* The Court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Id.* at *1 (citing *County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 739 (7th Cir. 2007)).

The Court finds plaintiff has established good cause for entering a confidentiality order. Confidentiality orders are routine in the Northern District of Illinois, which has adopted a Model Confidentiality Order pursuant to Local Rule 26.2. The Court notes that plaintiff's proposed order largely follows the Model Order, and defendant's insistence that plaintiff's proposed order is "intrusive" or "overbroad" is entirely unsupported by the briefing of this motion and contrary to the practice of courts in this District.[1] *See* Dkt. 42 at 4-5. Moreover, the Court finds plaintiff's revisions to paragraphs 2, 6, and 15 in the proposed order are reasonable given the circumstances of this case, particularly the sensitive nature of sexual assault allegations and the expected disclosure of medical and law enforcement records. *See* Dkt. 30 (hearing transcript discussing sensitive issues in this case).

Defendant's arguments in opposition to the confidentiality order are frivolous at best. First, defendant argues a confidentiality order is premature because he has filed a motion to reconsider the ruling on plaintiff's pseudonymity. Defendant contends the terms of the confidentiality order "will undoubtedly change," *if* the District Judge grants his motion to reconsider. Dkt. 42 at 5-6. Putting aside the contradiction of arguing something is certain to happen when it is predicated on a hypothetical, defendant does not explain how plaintiff's pseudonymity is related to the confidentiality provisions proposed here. Nor could he. The Court finds the two pending motions are independent of one another. Moreover, defendant's timeliness argument fails to address the fact that discovery is underway. Dkt. 32. A confidentiality order is necessary for the parties to meaningfully progress in accordance with the Court's schedule.

Second, defendant "fears" that potential disputes over confidentiality designations will necessitate additional time and litigation cost. Dkt. 42 at 6. This hypothetical burden does not outweigh the Court's interest in protecting the privacy of parties and non-parties alike. Additionally, the parties can avoid excessive costs by adjusting their litigation strategy, as the District Judge recently observed. *See* Dkt. 58 ("The only needless cost increases have been due to both counsels' choices to follow the path of most resistance.").

Third, defendant contends that paragraph 5 of the confidentiality order will "hamstring" his ability to prepare his defense by preventing open discussion with

---

[1] The Court also takes judicial notice that defense counsel has agreed to similar versions of the Model Order in at least four other recent cases. *See* Case Nos. 26-0719, 23-0818, 20-7322, 20-6815.

his or his lawyers' agents. Dkt. 42 at 7. But subparagraph 5(b)(9) allows the parties to agree to third-party disclosures, which would include agents. Instead of objecting to the entire order, defendant would have been better served by proposing a subparagraph that explicitly allowed disclosure to agents, in other words, the path of least resistance. Defendant has squandered his opportunity to reasonably and meaningfully engage in crafting any proposed order to the Court, and the omission of his preferred language is not a reason to deny plaintiff's motion.

Fourth and finally, defendant argues the proposed confidentiality order will give plaintiff an unfair litigation advantage. Defendant asserts that paragraph 8 (which requires a party to file under seal a document designated confidential per L.R. 26.2) and paragraph 10 (which permits a party to challenge the confidentiality designation of a material or document) somehow allow plaintiff to "learn … defense counsel's thinking." *Id.* at 7-8. As far as the Court can tell, defendant believes the provisions together allow plaintiff to review his litigation materials in advance of filing the materials on the docket, which woefully misconstrues the protective order. In another misstatement of the proposed order, defendant asserts that paragraph 6 gives *plaintiff* the "right to *dispute* disclosure of 'all references to [an] individual police officer's confidential information," when the paragraph in fact provides that any "*responding party* shall have the right to *redact*" confidential information about law enforcement. Dkt. 42 at 8; Dkt. 39-1 at 7. In short, in an attempt to manufacture an argument, defendant has misquoted and misrepresented the provisions of the proposed order. Defendant laments that the proposed order is not part of the "normal course of litigation," Dkt. 42 at 8, but as the Court explained above, plaintiff's proposed order is routine in this District, reasonable for this case, and not foreign to this defendant. *See supra,* n.1.

For all these reasons, the Court enters a confidentiality order over defendant's objections. The Court has edited plaintiff's proposed order to omit references to the order as "preliminary" or subject to revision based on plaintiff's ability to proceed under a pseudonym. Further, as noted above, the Court will enter the unopposed HIPAA protective order. Plaintiff's motion, Dkt. 39, is granted.

**So Ordered.**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

Dated: 6/17/2026

3